IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,  :  Case Nos. 3:10-cr-13 & 3:13-cr-179
                   Also Case No. 3:15-cv-356

                   District Judge Walter Herbert Rice
 - vs -              Magistrate Judge Michael R. Merz

MARK RUTLEDGE,

      Defendant.  :

## REPORT AND RECOMMENDATIONS

   This is an action under 28 U.S.C. § 2255, brought *pro se* by Defendant Mark Rutledge to obtain relief from his sentences in Case No. 3:10-cr-13 and 3:13-cr-179 (Motions to Vacate, ECF Nos. 97[1] and 41 in the respective cases).

   The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge

---

[1] Rutledge filed the same Motion in both the above numbered criminal cases. The Motion was assigned ECF No. 97 in Case No. 3:10-cr-13 and ECF No. 41 in Case No. 3:13-cr-179. Because the Motion was filed in both cases, it has been assigned different ECF Nos. with different PageID numbers in the two cases. All quotations in this Report will be referenced to the first case number, 3:10-cr-13.

1

> must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rutledge "seeks to get both of his PSI reports and sentences in the above Two (2) case numbers corrected, where the petitioner has been enhanced upon a state conviction which has been ruled void in-part." (Motion, ECF No. 97, PageID 224.)

Rutledge avers that in Case No. 3:10-cr-013 his criminal history score under the Sentencing Guidelines was increased by seven points as a result of his conviction in Montgomery County Commons Pleas Court Case No. 1999 CR 3493 (Motion, ECF No. 97, PageID 225). Therefore, he says, in imposing sentence in the 3:13-cr-179 case, this Court relied on "an invalid criminal history score from case number 3:10-cr-13, but also relied on a State conviction which has now been determined to be void in-part and a non-final appealable order under Ohio law." *Id.*

Rutledge relies on a July 22, 2015, Order and Entry from Judge Gregory Singer[2] of the Montgomery County Common Pleas Court which granted one branch of Rutledge's "Motion to Find Judgment Entry Void in Part and a Non-Final Appealable Order," filed in the 1999 case on July 2, 2015 (Copy attached to § 2255 Motion, ECF No. 97-1, PageID 228-31). Judge Singer found that his court had no jurisdiction to consider the first, second, and fourth branches of that Motion because they should have been made on direct appeal and are now barred by Ohio's criminal *res judicata* doctrine. As to the third branch, he held

> In regard to Defendant's third challenge, the Court acknowledges that it improperly notified the Defendant that it would or would not impose post-release control upon the completion of his sentence. Once a defendant has served his entire sentence of incarceration, a

---

[2] Judge Singer has succeeded Judge Mary Donovan who was originally assigned the Common Pleas case and imposed judgment.

2

> trial court loses jurisdiction to resentence him for the purpose of post release control. *State v. Holdcroft*, 137 Ohio St.3d 526, 529, 2013 Ohio 5014, 1 N.E.3d 382, 385, ¶ 5 (2013)(citations omitted). Accordingly, the failure to impose post-release control after the completion of a sentence does not render the judgment or the prison sanction void, it merely renders that part of the sentence ordering post-release control void and orders a court to set it aside. *State v. Fischer,* 128 Ohio St.3d 92, 2010 Ohio 6238, 942 N.E.2d 332 at ¶ 26-27. This failure to impose post-release control may be reviewed at any time, on direct appeal or by collateral attack, but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id*. at ¶ 40.
>
> In recognizing it's [sic] improper notice, the Court hereby SUSTAINS Defendant's Motion on the third issue of post release control only. The Court hereby orders the termination entry amended to state that the Defendant is not subject to supervision on post-release control. In all other regards, Defendant's Motion is OVERRULED.

*Id.* at PageID 309.

**The 2010 Case**

The Presentence Investigation Report in the 2010 case did in fact assess three criminal history points against Rutledge for the Common Pleas conviction (¶ 65). It likewise assessed two points because Rutledge was on parole when he committed the federal offense (¶ 70) and one point because the federal offense was committed less than two years after release from imprisonment on the state offense (¶ 71). It is only the two points for committing the 2010 federal offense while on state parole that Rutledge challenges in his instant Motion (ECF No. 97, PageID 226).

Those two points were used to calculate Rutledge's criminal history score, resulting in a sentencing range of 70 to 87 months.  Sentencing was originally set for August 31, 2010 (Minute Entry, ECF No. 45), but not actually imposed until January 31, 2012, when Rutledge made no objection to the PSI Report (Minute Entry, ECF No. 74).  Judge Rice, however, found that the Guideline Calculation under the Sentencing Manual "significantly over represents seriousness of past criminal conduct and likelihood of recidivism."  He reduced the criminal history category to 3, resulting in a guideline range of 57 to 71 months (ECF No. 76, PageID 167).  Rutledge was sentenced to time served[3] plus a ten-year term of supervised release (Judgment, ECF No. 75).  Rutledge took  no appeal.

The premise of Rutledge's Motion is that his sentence in the 2010 case was enhanced because of the assessment of the two points.  The assessment by the Probation Department gave Rutledge a total of nine criminal history points and placing him in criminal history category IV.  By reducing the criminal history to III (which requires 4, 5, or 6 points), Judge Rice effectively eliminated the two-point assessment altogether.

On August 29, 2012, Rutledge was charged with violating his supervised release and later found to have done so, but was not revoked (ECF Nos. 81, 84, 86).  A second supervised release violation in December 2012 did not result in revocation (ECF No. 87).  On December 23, 2012, Rutledge was arrested for receiving stolen property, but no action was taken because he was detective released on the charge (ECF No. 88).  Then on December 10, 2013, Rutledge was indicted in the new federal case (ECF Nos. 90, 91).  On March 13, 2015, Judge Rice revoked the

---

[3] It is not possible to tell from the docket how much time Rutledge actually served prior to sentencing, but it was considerably below the 57 month bottom of the Guideline Range since he was arrested November 6, 2008, and seventy months later would have been August  2013.  Rutledge was released on bond on January 10, 2010 (ECF No. 22) and never returned to custody despite alleged bond violations.  It appears that Rutledge served about fourteen months on this conviction. Even with the added 414 days eventually assessed against him for violating supervised release by committing the 2103 federal offense, his total time appears to have been about twenty-eight months, about half of the minimum Guideline Range.

supervised release and imposed as a sentence the time served from November 26, 2013, to January 14, 2015, a period of 414 days (ECF No. 96, PageID 222). That time was to be consecutive to the 120 month sentence imposed in the 2013 case which commenced on January 14, 2105. *Id.* Rutledge took no appeal.

**The 2013 Case**

The two points in contention were not "re-assessed" in the Presentence Investigation Report for the 2013 case. On March 13, 2015, Judge Rice filed a Decision and Entry imposing a sentence on Rutledge for his supervised release violation in the 2010 case of the period from November 26, 2013, to January 14, 2015, a period of 414 days (ECF No. 96 in the 2010 case, PageID 223). The Guideline Sentencing range for the 2013 case was 151 to 188 months[4] which was in no way impacted by the fact that the 2010 offense was committed while on state parole. That is, the two points assessed in the 2010 PSR in no way lengthened the term of supervised release imposed in that case. Judge Rice imposed a ten-year term of supervised release on January 31, 2012, and Rutledge violated the supervised release in November 2013, less than two years later; the offense of conviction required a supervised release term of at least three years, so Rutledge would have been on supervised release in the 2010 case in November 2013 regardless of whether those two points had been assessed against him. Because the two points do not affect the sentence Rutledge is now serving, his § 2255 Motion is moot and should be dismissed.

There are additional reasons for dismissing the § 2255 Motion on initial review. First of all, it comes too late. Rutledge knew about the assessment of those points in 2012 when he was sentenced, but he made no objection to the assessment at the time. The Court adopted the

---
[4] Judge Rice imposed a sentence of sixty months.

Presentence Investigation Report and Rutledge did not appeal.  Therefore Rutledge has forfeited his objection to the two-point assessment.

The § 2255 Motion comes too late for another reason.  Congress has adopted a one-year statute of limitations for such Motions which begins to run when the conviction becomes final.  Since no appeal was taken in the 2010 case, the statute began to run fourteen days after January 31, 2012 (See Fed. R. App. P. 4(b)(1)) and expired a year later, but the instant Motion was not filed until October 5, 2015, well over two years after the statute ran.

Rutledge cannot escape the statute of limitations by noting that he only obtained the Decision from Judge Singer in July of 2015.  Judge Donovan's termination entry in the 1999 case failed to include the proper language about post-release control when it was entered August 8, 2000.  The fact that Rutledge waited almost fifteen years to move to correct the judgment does not extend the federal statute of limitations.  Cases about proper judgment entries in Ohio for post-release control have been much litigated over at least the past five years.  Rutledge points to no new decision of the Ohio Supreme Court which, in 2015, made his judgment retroactively wrong.  See *State v. Fischer,* 128 Ohio St.3d 92 (2010)

Finally, Rutledge misreads what Judge Langer did.  In most cases where sentencing entries have contained post-release control errors, the trial courts have been able to amend the judgments to properly impose post-release control to take effect when the defendant is released.  Here Judge Singer found that because the entire sentence of incarceration in the 1999 case had been served, his court had lost jurisdiction to impose post-release control going forward.  His Decision did not retroactively vacate the term of parole that Rutledge had already served and during which he committed the 2010 federal offense.

6

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 7, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).